

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Adams v. Hunsberger

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3949

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Adams v. Hunsberger" (2008). *2008 Decisions.* Paper 1680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-99                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3949
_____

GEOFFREY ADAMS,

Appellant

v.

MARDI HUNSBERGER, Superintendent;
GARY HILER, Acting Major (PRC);
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
IVORY BARNETT, Hearing Examiner;
ROBERT S. BITNER, Chief Hearing Examiner

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00213)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2008

Before: BARRY, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2008)

_____

OPINION

_____

PER CURIAM

Geoffrey Adams, proceeding pro se, appeals the District Court's entry of summary judgment in favor of Appellees. For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Adams filed the instant lawsuit in the United States District Court for the Western District of Pennsylvania in August 2004. In response to the District Court's order granting Appellees' motion for a more definite statement, Adams filed an amended complaint in April 2006. As defendants, in addition to the Pennsylvania Department of Corrections, he named four SCI-Laurel Highlands employees, Superintendent Mardi Hunsberger, Prison Review Committee ("PRC") Member Gary Hiler, Hearing Examiner Ivory Barnett, and Chief Hearing Examiner Robert S. Bitner. Following a period of discovery, Appellees moved for summary judgment, which the District Court granted over Adams' objections in September 2007. Adams now appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We review a District Court's grant of summary judgment de novo. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact

2

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). After a careful review of the record, we conclude that the District Court correctly entered summary judgment against Adams on all of his claims.

Adams' amended complaint is based on a misconduct filed against him by Captain Chero, who was not named as a defendant. The misconduct alleged that Adams called another inmate a "fucking cracker," tried to kick him, and grabbed him around the waist. Both the victim and a confidential informant corroborated this account, which Adams denied. Hearing Examiner Barnett found Adams guilty of fighting, sentenced him to thirty days' disciplinary custody in RHU, and directed that he be removed from his job. Barnett's findings were upheld by the three member PRC, Superintendent Hunsberger, and Chief Hearing Examiner Bitner.

Adams claims that during the hearing on the misconduct charge, Barnett denied him the opportunity to call a medical witness who would have testified that, because Adams has one short leg, he could not have attempted to kick the victim as alleged. Adams alleges that Barnett's denial of this witness violated his rights under the Americans with Disabilities Act. Adams also claims that after he was charged with the

3

misconduct, Appellee Hiler, one of the three members of the PRC, came to see him in the RHU, told him that his appeal was denied in retaliation for his filing of lawsuits, and made several racist remarks to him. Adams claims that Hiler further retaliated against him by having him transferred to SCI-Laurel Highlands. Additionally, Adams alleges that while he was in the RHU, certain unnamed corrections officers denied him meals and that Hiler knew of but did not do anything to correct the situation. Next, Adams alleges that Superintendent Hunsberger sanctioned these violations of his rights by sustaining the PRC's decision and made statements acknowledging that the misconduct was filed against Adams in retaliation for his prior filing of lawsuits, and that Chief Hearing Examiner Bitner similarly sanctioned these violations by sustaining the decisions below.

Adams claims that, as a result of Appellees' actions, he was transferred to a different prison, his security level was increased, he lost his job and currently has a significantly lower-paying job, he was held in administrative custody for fifty-eight days following his thirty-day sentence in the RHU, his arthritis worsened due his transfer to SCI-Frackville, which uses forced moist/damp air for ventilation, and he developed cysts all over his body, which the medical staff at SCI-Laurel Highlands planned to treat, but which the medical staff at SCI-Frackville have claimed are untreatable. He maintains that these repercussions are the result of unconstitutional retaliation and constitute a denial of his rights to medical care and due process.

The District Court properly concluded that Adams' claims against the Pennsylvania Department of Corrections were barred, as it is not a "person" within the

4

meaning of 42 U.S.C. § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and that Adams failed to state a claim against any of the Appellees under the Americans with Disabilities Act, as he did not allege any discriminatory conduct based on his disability. With respect to his due process claims, the District Court correctly concluded that Adams failed to identify a liberty or property interest protected by the due process clause. Accordingly, neither the alleged denial of witnesses nor the other consequences flowing from the misconduct deprived him of his right to due process. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Next, the District Court held that, while Adams did not specifically invoke the Eighth Amendment in his amended complaint, to the extent that he sought to raise an Eighth Amendment claim, he failed satisfy its requirements. See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). Specifically, Adams failed to allege that any of the named defendants personally denied him food or medical care, see Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988), nor did his allegations demonstrate a "substantial risk of serious harm." Farmer, 511 U.S. at 828. Accordingly, the District Court properly entered summary judgment on these claims.

Finally, with respect to his claims of retaliation, the District Court held that Adams had not properly exhausted his claim. See Jones v. Brock, __ U.S. __, 127 S. Ct. 910, 923 (2007). Adams contests whether the Court may enter summary judgment based on his failure to exhaust, where Appellees did not move for summary judgment on this basis. See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that exhaustion under the PLRA is an affirmative defense to be pled and proven by defendants). We need not resolve this

5

dispute at the present time, since, as Appellees argued in their motion for summary judgment, even if Adams were able to make out a prima facie case for retaliation, they could still prevail by "proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Because Adams' misconduct charge was supported by the evidence, and because the resulting repercussions – Adams' loss of his job, time in the RHU, and transfer to SCI-Frackville – properly flowed from the misconduct, Appellees were entitled to summary judgment on this claim.[1]

For the foregoing reasons, Brown's appeal is without legal merit and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]To the extent Adams challenges the filing of the misconduct as retaliatory, as noted by Appellees and the District Court, he failed to name either of the officers involved in the filing as defendants. None of the named defendants can be held liable for their action. See Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).